JAMES MARTINEZ (CA SBN 235800)
*jm@jamesmlaw.net*
**LAW OFFICE OF JAMES MARTINEZ**
2340 Powell St., Suite 317
Emeryville CA 94608
Phone: (510) 444-7700

Attorneys for Plaintiff,
Red Bridge Law P.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RED BRIDGE LAW, P.C.** | Case No. 20-CV-08527-SK |
| **Plaintiff** | **PLAINTIFF RED BRIDGE LAW, P.C.'S REPLY BRIEF TO DEFENDANT'S OPPOSITION TO MOTION TO STRIKE** |
| vs. | |
| **STEVEN LARRY KIMMEL, an individual,** | DATE: March 15, 2021<br>TIME: 9:30 A.M.<br>Location: Courtroom C – 15th Floor<br>Judge: Honorable Sallie Kim |
| **Defendants.** | **[FRCP 12(f)]** |

Plaintiff Red Bridge Law, P.C. ("Red Bridge Law") respectfully submits its reply to Defendant's Opposition to the Motion to Strike Defendant's Affirmative Defense:

Defendant's Opposition entirely fails to address the specific issue of whether the First Affirmative Defense should be stricken as redundant, immaterial, impertinent, or scandalous. Defendant claims that (1) Plaintiff demanded to be a part owner of Red Bridge Mortgage, and (2) there is no allegation of assignment of the trademark. Both of Defendant's claims are false.

First, even if Plaintiff demanded to be a "partner" of Defendant's operation–which is patently false– such would be immaterial to the issues set forth in the complaint.  Even taking this untruth as true, any such demand would only demonstrate its view that Defendant was in fact infringing on its trademark.  Most notably, Defendant fails to provide any specifics as to this alleged proposal and does not address the *two* unequivocal cease and desist letters written by Plaintiff and attached to the Complaint – neither letter contains the absurd offer set forth in the affirmative defense.

Secondly, the Complaint clearly and explicitly states that the trademark registration was assigned to Plaintiff. (*See*, Complaint at 2:19-22, Exh. 2). Defendant is quite simply wrong.

The remainder of Defendant's Opposition fairs no better.  Defendant attempts to distinguish the four Counts in a bid to tie its Defense to one of them. (See, Opposition at 2).  However, this Court has already held that the essential elements of claims for Trademark Infringement (Counts I & II) and False Designation of Origin (Count III) are identical and if met with adequate evidence are sufficient to establish liability under a claim under California's Business and Professions Code, §17200 (Count IV) as well. *Adobe Sys. Inc. v. Gray*, No. 16-CV-02830-SK, 2017 WL 3083686, at *5 (N.D. Cal. June 22, 2017 (Hon. Sallie Kim)), *report and recommendation adopted*, No. 16-CV-02830-HSG, 2017 WL 3051482 (N.D. Cal. July 19, 2017), citing *Phillip Morris USA Inc. vs. Shalabi*, 352 F.Supp.2d 1067, 1072 (C.D. Cal. 2004) (citing *Brookfield Communications, Inc. vs. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n. 6, 1047 n.8 (9th Cir. 1999)).[1]

---

[1] To the extent Defendant seeks to distinguish the absence or presence of a trademark registration, an alternate theory of infringement of unregistered trademark will be treated the same as one based on a registered trademark, with the exception of the presumption of validity. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776, 112 S. Ct. 2753, 2761, 120 L. Ed. 2d 615, 23 U.S.P.Q.2d 1081, 1087 (1992). ("[T]he Court interprets this section [§ 43(a)] as having created a federal cause of action for infringement of unregistered trademark or trade dress and concludes that such a mark or trade dress should receive essentially the same protection as those that are registered.").

Defendant's musings about the absence or presence of competition between the parties is not relevant to this motion. However, even assuming it were, Defendant is once again wrong. Competition is not necessary between the parties for there to be a likelihood of confusion. "Confusion, or the likelihood of confusion, not competition, is the real test of trademark infringement." *4 McCarthy on Trademarks and Unfair Competition* § 24:13 (5th ed.) *Fleischmann Distilling Corp. vs. Maier Brewing Co.*, 314 F.2d 149, 136 U.S.P.Q. 508 (9th Cir. 1963); *Waits vs. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992) ("Competition between parties not automatically required to prevail on trademark infringement claim, but is one factor in determining likelihood of consumer confusion."); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1212, 103 U.S.P.Q.2d 1161 (9th Cir. 2012) (Plaintiffs need not establish that the parties are direct competitors to satisfy the proximity or relatedness of the goods factor.)

Dated: February 19, 2021

**RESPECTFULLY SUBMITTED,**

/s/ James Martinez

By: JAMES MARTINEZ
Attorneys for Plaintiff,
Red Bridge Law, P.C.