JAMES MARTINEZ (CA SBN 235800)
*jm@jamesmlaw.net*
**LAW OFFICE OF JAMES MARTINEZ**
2340 Powell St., Suite 317
Emeryville CA 94608
Phone: (510) 444-7700

Attorneys for Plaintiff,
Red Bridge Law P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RED BRIDGE LAW, P.C.**<br><br>**Plaintiff**<br><br>vs.<br><br>**LEGAL EXPERTS, INC., a California Corporation; MICHAEL COHEN, an individual; RICHARD LONG, an individual; STEVEN WHITE, an individual;**<br><br>**Defendants.** | Case No. 20-CV-08527-SK<br><br>**PLAINTIFF'S OPPOSITON TO MOTION TO DISMISS**<br><br>DATE:  October 11, 2021<br>TIME:  9:30 A.M.<br>Location:  Courtroom C – 15th Floor<br>Judge:  Honorable Sallie Kim<br><br>[FRCP 12(b)(6)] |

Plaintiff Red Bridge Law, P.C. ("Red Bridge Law") respectfully Opposes Defendant's Motion to Dismiss:

**I.     INTRODUCTION**

Plaintiff Red Bridge Law, P.C. brings this action to stop widespread advertising and sales calls using its registered trademark rights. Defendant is operating a legal-services business under the name, "Red Bridge Legal" or "Red Bridge Mortgage Firm", and purports to offer mortgage rescue services to borrowers who are at risk of losing their homes. Defendant identified themselves with confusingly similar "Red Bridge" marks in his verbal and written communications to consumers. As a result, consumers are being

tricked into believing – falsely – that Plaintiff's online presence was related to Defendant and its services. Some of these consumers called Plaintiff to complain or to verify that Plaintiff – once again mistaken to be affiliated with Defendant – was legitimate. Plaintiff sent a cease and desist letter, but Defendant had no interest in avoiding confusion with Plaintiff's Trademark. Instead, Defendant counted on that confusion to cause consumers into believing Plaintiff's online presence meant that their operation was affiliated with Plaintiff to appear legitimate.

Because Defendant appears to have willfully caused this confusion and refused to cease infringement, this action followed seeking disgorgement of profits, damages, and injunctive relief. Plaintiff continues to receive misdirected communications, and moving Defendant Legal Experts, Inc. has operated and is continuing to operate under the "Red Bridge" marks.

Plaintiff's First Amended Complaint states facts sufficient to state its causes of action against defendant. Defendant fails to meet high standard required to satisfy FRCP 12(b)(6). As a result, Defendant's motion should be denied.

**II.     LEGAL STANDARD**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims contained in the complaint. In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Balistreri vs. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts in support of their claim which would entitle them to relief. *Balistreri*, supra, 901 F.2d at 699. Ordinarily, a Court may only look at the face of the complaint and documents attached to the complaint in deciding a F.R.C.P. 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. vs. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Defendants fail to satisfy this rigorous standard.

///

### III. ARGUMENT

#### A. Plaintiff's Count for Infringement of a Federally-Registered Trademark, and the Related State Counts are Adequately Pled.

Defendant's Motion appears to focus on the elements of infringement to support dismissal. (Motion at 6:16-25-8:1-16). To plead a claim for trademark infringement, a Plaintiff must allege the following elements:

1. Red Bridge Law is a valid, protectable trademark;

2. the plaintiff owns Red Bridge Law as a trademark; and

3. the defendant used Red Bridge Legal and Red Bridge Mortgage Firm without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

*Manual of Model Civil Jury Instructions*, §15.6 Infringement—Elements and Burden of Proof—Trademark; *Adobe Sys. Inc. v. Gray*, No. 16-CV-02830-SK, 2017 WL 3083686, at *5 (N.D. Cal. June 22, 2017), *report and recommendation adopted*, No. 16-CV-02830-HSG, 2017 WL 3051482 (N.D. Cal. July 19, 2017); *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 69 U.S.P.Q.2d 1417 (9th Cir. 2004).

The test for a service mark is the same. 4 *McCarthy on Trademarks and Unfair Competition* § 23:76.50 (5th ed.). Despite the existence of three distinct claims (Federal Trademark Infringement, False Designation of Origin, and Unfair Business Practices), the essential elements are identical and if met with adequate evidence are sufficient to establish liability under the state claims as well. *Adobe Sys. Inc.*, *supra*, at *5 (internal quotation marks and citation omitted).

Despite Defendant's misdirected effort to focus on a secondary meaning, the sole issue is whether Plaintiff properly pled that it owns a "valid, protectable trademark" and that Defendant has infringed Plaintiff's trademark rights by creating a likelihood of confusion among the consumers. Plaintiff here

clearly has. (First Amended Complaint, at ¶12, Exh. 2; ¶37).

It is irrelevant whether the infringed mark acquired its distinctiveness due to being "inherently distinctive" (as it is in this case), or by showing a secondary meaning (which is not applicable). <u>Defendant simply conflates the requirements to prosecute a trademark application with the requirement to plead an infringement suit in Court</u>. Plaintiff already obtained a federal registration on the Principal Register in 2016. Now, Plaintiff has pled that it has a valid trademark on the Principal Register and the inquiry should end there.

However, not only has Plaintiff alleged in the body of the FAC that it is the owner of a valid and protectable trademark, but it has attached a copy of the registration certificate showing that the trademark is distinctive and therefore is afforded very strong protection. *United States Pat. & Trademark Off. vs. Booking.com B. V.*, 140 S. Ct. 2298, 2302, 207 L. Ed. 2d 738 (2020). Although Plaintiff has the ultimate burden of proof that its mark is valid, federal registration provides "prima facie evidence" of the mark's validity entitling Plaintiff to a "strong presumption" that the mark is a protectable mark. Where the USPTO issues a registration *without requiring proof of secondary meaning*, as it is in this case, the presumption is that the mark is inherently distinctive. *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113–14 (9th Cir. 2010); (Plaintiff's Request for Judicial Notice, Exhibit 1).

For these reasons, Defendant's arguments about secondary meaning are not only wrong but are also irrelevant. Since there in fact is no requirement to plead a secondary meaning, Plaintiff's First, Second, and Fourth Counts are properly plead and Defendant's Motion should be denied.

## B. The category of the trademark is a question of fact that should not be decided by a motion to dismiss under 12(b)(6).

Marks are generally classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *Two Pesos, Inc. vs. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). Which category a mark belongs in is a question

of fact not appropriately resolved by a Rule 12(b)(6) motion. *Pinterest Inc. vs. Pintrips Inc.*, 15 F. Supp. 3d 992, 998–99 (N.D. Cal. 2014); *Zobmondo Ent., LLC, supra, at*, 1113.  While some courts have decided fact-specific issues regarding trademark protection at the pleading stage, they generally have done so only where the complaint suffers from a complete failure to state a plausible basis for trademark protection. *Pinterest Inc.*, *supra.*, 15 F. Supp. at 998–99.  Such circumstances are not present here.

### C. Even assuming a Plaintiff were required to plead that a descriptive trademark acquired secondary meaning and it were proper to address that issue at this stage in the proceedings, such requirement is irrelevant because Plaintiff's trademark is not descriptive.

However, even if the absence or presence of an allegation in the pleading of secondary meaning were somehow relevant here – which it is not – Defendant's theory still fails.

First, the trademark is not descriptive, but is instead an arbitrary mark.  An arbitrary mark is defined as a mark using a known word in an unexpected or uncommon way. *Nautilus Grp., Inc. vs. ICON Health & Fitness, Inc.*, 372 F.3d 1330, 1340 (Fed. Cir. 2004). The trademark, "Red Bridge Law" is a composite standard character mark and shall be considered in its entirety when assessing its strength. *Off. Airline Guides, Inc. vs. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993).  In other words, "a court may not review the validity of a composite-term trademark by dissecting the term and reviewing the validity of its component parts individually." *Brooklyn Brewery Corp. vs. Black Ops Brewing, Inc.*, 156 F. Supp. 3d 1173, 1179 (E.D. Cal. 2016); quoting *Self–Realization Fellowship Church vs. Ananda Church of Self–Realization*, 59 F.3d 902, 912 (9th Cir.1995). As such, the presence of the word, "Law" bears no weight when assessing the strength of the mark. *Off. Airline Guides, Inc.*, *supra*, at 1392 (ruling that "OAG Travel Planner" is an arbitrary composite trademark protectable without proof of secondary meaning, even though the term "travel planner" is descriptive); See also, *Balance Studio, Inc. vs. Cybernet Ent., LLC*, No. 15-CV-04038-DMR, 2017 WL 2473038, at *9 (N.D. Cal. June 8, 2017).  To examine the

component parts of Red Bridge Law would violate this anti-dissection rule. Instead, the strength of the composite trademark is determined by viewing it as a whole, as it appears in the marketplace. *Off. Airline Guides, Inc., at*, 87; *California Cooler, Inc. vs. Loretto Winery Ltd.*, 774 F.2d 1451, 1455 (9th Cir.1985) ("[T]he composite may become a distinguishing mark even though its components individually cannot.").

Under these principles Red Bridge Law is an arbitrary mark, entitled to strong protection, and there is no requirement to prove, much less plead, distinctiveness by acquired secondary meaning. As such, Defendant's Motion as to Counts I, III, and IV should be denied.

### D. Plaintiff adequately pled Common Law Trademark Infringement

Defendant does not separately address Count II (Common Law Trademark Infringement). Regardless, Plaintiff has adequately pled a count for common law trademark infringement, which is a basis independent of registration to claim priority of use. The elements of common law trademark infringement are: (1) ownership interest in a mark, and (2) the likelihood of the infringing mark being confused with the plaintiff's mark. *Sebastian Brown Prods., LLC vs. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1039 (N.D. Cal. 2015). An ownership interest is demonstrated through priority of use. *Id.*

In addition to the reasons set forth above, Plaintiff adequately pled a claim for common law trademark infringement. Paragraph 15 of the First Amended Complaint states that "Defendants commenced using the [Infringing Marks] after Plaintiff commenced using its mark. Plaintiff alleges that it started receiving calls and correspondence in September, 2020, several years after its 2014 priority date. (FAC at ¶17).

As such, Plaintiff has adequately pled its Common Law Trademark Infringement claim.

### III. CONCLUSION

Plaintiff has stated a colorable claim against Defendant. Defendant has failed to meet the standard required for a motion to dismiss. Defendant's arguments are red-herrings and inapposite to the

First Amended Complaint.  Defendant's motion should therefore be denied.  Should the Court somehow rule otherwise, Plaintiff requests leave to amend.

Dated:  September 21, 2021                               **RESPECTFULLY SUBMITTED,**

/s/ James Martinez

By: JAMES MARTINEZ
Attorneys for Plaintiff,
Red Bridge Law, P.C.