1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8

RED BRIDGE LAW, P.C.,

Plaintiff,

9

10

v.

11

LEGAL EXPERTS INC., et al.,

Defendants.

12

Case No.   5:20-cv-08527-EJD

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 40

13        Plaintiff Red Bridge Law, P.C. ("Plaintiff") is a law firm that provides legal services out of

14   its Northern California office.  Defendant Legal Experts Inc. is a California Corporation that was

15   operated by decedent and former defendant Steven Larry Kimmel.  Plaintiff alleges that Defendant

16   Kimmel operated Legal Experts as "Red Bridge Legal" and/or "Red Bridge Mortgage Firm" from

17   a virtual office in Encino, California.  Plaintiff filed suit, contending that Defendants use of "Red

18   Bridge Legal" or "Red Bridge Mortgage Firm" constituted trademark infringement, false

19   designation of origin, dilution of trademark, and unfair competition.  Defendants moved to dismiss

20   the action.  *See* Notice of Motion and Motion to Dismiss ("Mot."), Dkt. No. 40; *see also* Request

21   to Take Judicial Notice ("RJN re Mot."), Dkt. No. 41.  On September 21, 2021, Plaintiff filed an

22   opposition to Defendants' motion to dismiss.  *See* Plaintiff's Opposition to Motion to Dismiss

23   ("Opp."), Dkt. No. 43; *see also* Plaintiff's Request for Judicial Notice ("Opp. RJN"), Dkt. No. 44.

24   Having considered the Parties' papers, the Court **GRANTS in part and DENIES in part**

25   Defendants' motion to dismiss.[1]

26

27   _____

[1] The Court found this motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Dkt. No. 54.

28   Case No.: 5:20-cv-08527-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND

Plaintiff provides legal services in several areas of law, including real property and intellectual property, out of its Northern California office.  *See* First Amended Complaint ("FAC") ¶ 1, Dkt. No. 27.  Plaintiff, Red Bridge Law, P.C., is owned by Christian J. Martinez.  FAC ¶ 1. Defendant Legal Experts operates out of Los Angeles County, but often does business as "Red Bridge Legal" and/or "Red Bridge Mortgage Firm."  FAC ¶ 2.  The other named Defendants, Michael Cohen, Richard Long, and Steven White, work for Defendant Legal Experts.  FAC ¶¶ 4–6.  Defendants and their agents are engaged in a large-scale operation of finding, and purporting to help, homeowners who are delinquent on their mortgage payments and are on the verge of foreclosure.  FAC ¶ 30; *see* FAC ¶¶ 30–34 (describing Defendants' practice of calling homeowners, engaging them in a fee agreement, and using "Red Bridge Legal" as its operating name).

On September 23, 2015, Mr. Martinez filed a U.S. trademark application for "Red Bridge Law" and, on June 7, 2016, "Red Bridge Law" was successfully registered as registration number 4972381 in International Class 45, for Attorney Services.  FAC ¶ 12.  Mr. Martinez then assigned all rights, title, and interest in and to the trademark and related goodwill and causes of action to Plaintiff.  FAC ¶ 12.  Plaintiff maintains that based on its extensive use and promotion of Red Bridge Law, the mark has become distinctive and known in the United States and global marketplace as a place for attorney services.  FAC ¶ 13–14.

Defendant Legal Experts began using the mark "Red Bridge Legal" and "Red Bridge Mortgage Firm" (the "Infringing Marks") after Plaintiff commenced using its mark.  FAC ¶ 15. Defendant Legal Experts' website claims that it is a "multistate mortgage firm offering services to consumers, mortgage servicers, lenders and other related entities."  FAC ¶ 15.  Defendants allegedly use the Infringing Marks to identify themselves in phone calls, correspondence, client fee agreements, and authorization forms.  FAC ¶ 16.

Starting on or around September 1, 2020, Mr. Martinez began receiving phone calls from individuals that were confusing Plaintiff's mark with Defendants' Infringing Marks and were

calling to confirm contact information for sending funds, to complain about service, or to determine whether Plaintiff, mistaken to be Defendants, was legitimate. FAC ¶ 17. Many callers complained that there was no information on the Defendants' website other than a contact form, a street address, and a general phone number. FAC ¶ 18. Plaintiff believes that these consumers confused Plaintiff with Defendant due to Defendant's use of "Red Bridge." FAC ¶ 21. On or around September 1, 2020, Mr. Martinez called Defendants to alert them to the confusion they were causing and demanded that they cease using "Red Bridge" in conjunction with their services. FAC ¶ 22. However, Plaintiff continued to receive "dozens" of calls and messages from individuals who believed they were contacting Defendants about legal services. FAC ¶ 25. Many of these individuals wanted to determine whether "Red Bridge" was a legitimate operation. FAC ¶ 25.

On or around September 20, 2020, Plaintiff sent Defendant Cohen a letter that again demanded that Defendants stop using the term, "Red Bridge." FAC ¶ 26. Plaintiff did not receive any substantive response from Defendants. FAC ¶ 26. Instead, Plaintiff continued to receive (1) complaints regarding Defendant's services, (2) calls seeking reassurance that Defendant's business was legitimate, and (3) calls responding to Defendant's sales outreach. FAC ¶ 26.

On or around October 19, 2020, Plaintiff sent another letter to Defendant Legal Experts demanding that Defendants cease and desist from using the Infringing Marks. FAC ¶ 27. On or around October 29, 2020, Defendant Legal Experts responded using a letterhead that bore the infringing mark, "Red Bridge Legal," stating that they were "diligently working" on Plaintiff's request and that they would respond in full by November 4, 2020. FAC ¶ 28. However, Plaintiff never received a future response. FAC ¶ 29. Plaintiff alleges that Defendant continues to use the Infringing Marks with the intent to mislead and confuse customers, particularly those in debt and in need of mortgage relief, into believing that Plaintiff was associated with Defendant. FAC ¶ 29.

Plaintiff filed suit alleging infringement of a federally-registered trademark, common law trademark infringement, false designation of origin, dilution of mark and injury to business reputation, and unfair business practices. Defendants moved to dismiss the complaint.

Case No.: 5:20-cv-08527-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Dismissal for failure to state a claim is "proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  That is, a complaint can only survive a motion to dismiss for failure to state a claim "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## III.  DISCUSSION

Defendants move to dismiss Plaintiff's five causes of action.  The Court addresses each cause in turn.

### A.  Trademark Infringement

In its FAC, Plaintiff alleges statutory and common law trademark infringement, contending that Defendants are liable for infringement.  FAC ¶¶ 35–48.  The Court analyzes the statutory and common law trademark infringement claims together.  *See Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 764 (C.D. Cal. 2015).

Defendants argue that Plaintiff's first cause of action for trademark infringement under 15 U.S.C. § 1114 fails because the complaint does not allege that Defendants used the exact terms "Red Bridge Law" and because "Red Bridge Legal" or "Red Bridge Mortgage" are not a "colorable imitations" of "Red Bridge Law."  Mot. at 8.  The Court disagrees.

To prevail on a trademark infringement claim under section 32 of the Lanham Act, Plaintiff must show that Defendants used in commerce, without Plaintiff's consent, any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's valid trademark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in

Case No.: 5:20-cv-08527-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

4

1   connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."

2   15 U.S.C. § 1114(1)(a).  Defendants are also liable for trademark infringement if they:

3           reproduce, counterfeit, copy, or colorably imitate [Plaintiff's valid
            trademarks] and apply such reproduction . . . to labels, signs, prints,
4           packages, wrappers, receptacles or advertisements intended to be used
            in commerce upon or in connection with the sale, offering for sale,
5           distribution, or advertising of goods or services on or in connection
            with which such use is likely to cause confusion, or to cause mistake,
6           or to deceive.

7   *Id.* § 1114(1)(b).  "The core element of trademark infringement is the likelihood of confusion, *i.e.*,

8   whether the similarity of the marks is likely to confuse customers about the source of the

9   products."  *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007).

10          Plaintiff attached as exhibits to its request for judicial notice a federally registered

11  trademark in Red Bridge Legal.  Opp. RJN at 3.  Defendants do not contest the validity of the

12  trademark.  Plaintiff therefore sufficiently alleges that it owns a valid trademark.  *See Applied Info.*

13  *Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007) ("Registration of a mark on the

14  Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the

15  validity of the registered mark and of [the registrant's] exclusive right to use the mark on the

16  goods and services specified in the registration.").

17          Plaintiff's FAC also alleges that Defendants have engaged in an ongoing scheme to use

18  either "Red Bridge Legal" or "Red Bridge Mortgage," to confuse consumers into believing that

19  Defendant Legal Experts has a relation to Plaintiff Red Bridge Law.  *See* FAC ¶¶ 31–34.  Indeed,

20  multiple consumers have called Plaintiff to confirm that Plaintiff and Defendant are associated

21  companies.  Despite Plaintiff's warnings to cease use of the Infringing Marks, Defendants have

22  continued to use the confusing terms.  Contrary to Defendants' effort to focus on a secondary

23  meaning[2] of the term "Red Bridge," the issue is whether Plaintiff has properly pled that it owns a

24

25  [2] Marks are generally classified in five categories of distinctiveness: (1) generic, (2) descriptive,
    (3) suggestive, (4) arbitrary, and (5) fanciful.  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763,
26  768 (1992).  "Which category a mark belongs in is a question of fact."  *Zobmondo Ent., LLC v.*
    *Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010).  This fact-specific inquiry normally
27  precludes courts from determining at the pleading stage whether a mark is generic.  *See Pinterest,*
    *Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 998–99 (N.D. Cal. 2014) ("While some courts have
28  Case No.: 5:20-cv-08527-EJD
    ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

1    "valid, protectable trademark."  By using a mark similar to "Red Bridge Legal," Defendants have

2    created consumer confusion by invoking a false association between Red Bridge Legal and Legal

3    Experts and have thus used Plaintiff's mark, without consent, "in connection with the sale,

4    offering for sale, or distribution" of goods or services.  *See* 15 U.S.C. § 1141(a).  For these

5    reasons, Plaintiff's claim for trademark infringement is sufficiently pleaded.

6                    **B.  False Designation of Origin/Unfair Competition**

7            Plaintiff also asserts a false designation of origin claim and California claims for unfair

8    competition.  FAC ¶¶ 49–56.  The Lanham Act "prohibits the use of false designations of origin,

9    false descriptions, and false representations in the advertising and sale of goods and services."

10   *Jack Russell Terrier Networks of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1036 (9th Cir.

11   2005).  The statute also prohibits unfair competition.  *Cleary v. News Corp.*, 30 F.3d 1255, 1262

12   (9th Cir. 1994) (noting that because the plaintiff had established false designation of origin and

13   false representation claims, the plaintiff had also shown unfair competition).

14           To prevail on a claim of false designation of origin under 15 U.S.C. § 1125(a)(1), a

15   plaintiff must show that "(1) defendant uses a designation (any word, term, name, device or

16   combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the

17   use was in connection with goods or services; (4) the designation or false designation is likely to

18   cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of

19   defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's

20   goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely

21   to be damaged by these acts."  *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F.

22   Supp. 918, 928 (C.D. Cal. 1996).

23           The "ultimate test" for this claim is "exactly the same as for trademark infringement:

24   'whether the public is likely to be deceived or confused by the similarity of the marks.'"  *Century*

25

26   _____

27   decided fact-specific issues regarding trademark protection at the pleading stage, they generally
     have done so only where the complaint suffers from a complete failure to state a plausible basis
     for trademark protection.").  That is not the case here.

28

1   *21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988) (quoting *New W. Corp. v.*

2   *NYM Co. of Cal.*, 595 F.2d 1194, 1201 (9th Cir. 1979)).  "The elements for establishing unfair

3   competition under California Business and Professions Code § 17200 by trademark infringement

4   and common law trademark infringement are essentially the same as those for the Lanham Act."

5   *SV3, LLC v. GG Distrib., Inc.*, 2019 WL 1460621, at *3 (C.D. Cal. Feb. 27, 2019); *see also*

6   *Mallard Creek Indus., Inc. v. Morgan*, 56 Cal. App. 4th 426, 434 (1997) (analysis for state law

7   trademark infringement is the same as under federal law).

8          As discussed, Plaintiff has adequately alleged that Defendants used a similar mark that is

9   likely to cause confusion.  Further, Plaintiff has adequately alleged that it was damaged by

10  Defendants' acts.  Therefore, Plaintiff's claims for false designation of origin and unfair

11  competition are sufficiently pleaded.

12                    **C.  Dilution of Mark and Injury to Business Reputation**

13         While a dilution of mark and injury cause of action appears on first page of the FAC,

14  Plaintiff fails to plead facts regarding this action in its complaint.  *See* FAC 9 (pleading only four

15  causes of action).  Accordingly, the Court **GRANTS** Defendants' motion to dismiss this cause of

16  action **without leave to amend.**

17  **IV.    CONCLUSION**

18         For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendants'

19  motion to dismiss.

20         **IT IS SO ORDERED.**

21  Dated: May 3, 2022

22

23

24                                                                        EDWARD J. DAVILA
                                                                          United States District Judge
25

26

27

28  Case No.: 5:20-cv-08527-EJD
    ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
                                            7

*United States District Court*
*Northern District of California*